UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR AQUISITION CORP., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:12CV162 RWS |
| | ) |
| FLUOR CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This lawsuit concerns liability for personal injury claims and judgments arising from Defendants operation of a primary lead smelter in Herculaneum, Missouri.  Plaintiffs seek a judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, that they have no obligation to indemnify Defendants for the claims and judgments.  Plaintiff The Doe Run Resources Corporation (DRRC) also seeks damages from Defendants which DRRC incurred when it settled claims which allegedly arose from Defendants' operation of the smelter.

Defendants seek to dismiss or stay this case under the Wilton/Brillhart abstention doctrine.  Defendants asserts that a parallel lawsuit filed in Missouri state court is the more appropriate forum to resolve the parties' claims.  Because state court is the better forum for this dispute I will grant Defendants' motion to stay this case.

*Background*

Plaintiff The Renco Group, Inc. (Renco) owns all the outstanding shares of Plaintiff DR Acquisition Corp. (DRAC).  DRAC, in turn, is a holding company which owns all of the outstanding common shares of Plaintiff DRRC.  Plaintiff Ira L. Rennert is an individual who has an ownership interest in Renco.

Defendants Fluor Corporation, its affiliate DRIH Corporation, and Appalachia Holding Company are corporations which were, at various times, general partners in an entity known as the Doe Run Company which owned and operated the lead smelter at issue in Herculaneum.

On February 4, 1994, Fluor and DRAC entered into the 1994 Stock Purchase Agreement, under which DRAC eventually acquired complete ownership of the lead smelter.

In July 2011, state court judgements were entered against Defendants in the Circuit Court of the City of St. Louis, Missouri, on personal injury claims arising from the operation of the lead smelter between 1981 and April 1994.  The judgments, aggregating more than $358,000,000 in compensatory and punitive damages, were entered in favor of sixteen plaintiffs.

Defendants have filed a lawsuit in state court asserting that they are entitled to be indemnified by DRAC for these judgments according to the terms of a 1994 Stock Purchase Agreement.  Defendants also claim they are entitled to indemnification under common law.  In addition, Defendants seek indemnification for pending claims in which additional state court plaintiffs seek similar damages in lawsuits that have not yet proceeded to trial.

Plaintiffs filed this case at midnight on January 30, 2012, asserting seven claims for declaratory relief that they have no obligation to indemnify Defendants under the terms of the 1994 Stock Purchase Agreement.  Plaintiff DRRC also asserts one claim for contribution and indemnification against Defendants for money it paid to settle other personal injury claims arising from the operation of the smelter.

Eight hours later, on January 31, 2012, Defendant Fluor filed its lawsuit against Plaintiffs in the Circuit Court of Jefferson County, Missouri, Cause No. 12-JE-90.  Fluor's parallel lawsuit asserted claims for a breach of the 1994 Stock Purchase Agreement; a declaratory judgment

under the 1994 Stock Purchase Agreement; indemnification; contribution; and several other claims. The factual and legal issues asserted in that Jefferson County case encompass substantially all of the same issues in the case before this Court. The Jefferson County case includes additional defendants and causes of action. On February 21, 2012, Defendants DRIH and Appalachia were added as plaintiffs in the Jefferson County action.

Defendants assert that the resolution of the state court claims will resolve all of the issues before this Court. Defendants seek to dismiss or stay this federal case under the Wilton/Brillhart abstention doctrine.

*Legal Standard*

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002).

*Discussion*

The Wilton/Brillhart abstention doctrine permits a federal court to dismiss or stay a federal lawsuit which seeks a declaratory judgment of claims governed by state law when the parties dispute can be better settled by a parallel state court proceeding. See Wilton v. State Falls, Co., 515 U.S. 277 (1995) and Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942).

A federal court has discretion in determining whether to abstain from hearing a declaratory action brought under the Declaratory Judgment Act, 28 U.S.C. § 2201.  Wilton, 515 U.S. at 290.  In Winton, the Court stated that "'[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'"  Id. at 282 (quoting Brillhart, 316 U.S. at 495)

In deciding whether to stay the federal action a court should consider "'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.'"  Id.  A court should also examine "the scope of the pending state court proceeding and the nature of defenses open there. ... This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding ...."  Id. at 283 (internal quotations omitted).

Plaintiffs lawsuit before this Court concerns the interpretation of indemnification obligations under the 1994 Stock Purchase Agreement and is purely a matter of state law.  This issue is squarely raised in the parallel litigation pending in Jefferson County, Missouri.[1]  "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."  Scottsdale Ins. Co. v. Detco Industries, Inc., 426 F.3d 994, 997 (8th Cir. 2005) (internal quotation and citation omitted).  The case before this Court involves substantially the same

---

[1] The fact that Plaintiffs filed this case eight hours before Defendants filed their state case is of no significance.  In Wilton, the Court affirmed the stay of the federal declaratory judgement action even though it was filed a month before the parallel state lawsuit.

parties and issues as those in the Jefferson County action. Moreover, the Jefferson County lawsuit addresses other state law causes of action brought by Defendants in this suit against Plaintiffs.

The fact that DRRC has asserted one count for indemnity and contribution claim against Defendants does not preclude the application of the abstention doctrine. See Royal Indemnity Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008). Moreover, the resolution of the parties' indemnification obligations under the 1994 Stock Purchase Agreement will directly impact DRRC's claim for indemnification and contribution arising from the settlement of personal injury claims involving the operation of the smelter. As a result, the lawsuit before this Court, with seven counts for declaratory relief and one count for damages, is in essence a declaratory judgment action subject to abstention under Wilton. Id.

When a state court is in a better position to adjudicate a state law matter, permitting a federal action to proceed would be unnecessarily duplicative and uneconomical. Capitol Indemnity Corp. v. Haverfield, 218 F.3d 872, 875 (8th Cir. 2000).

I find that the present declaratory judgment action should be stayed pending the outcome of the state court case. See Royal Indemnity Co., 511 F.3d at 797 ("'where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case ... fails to resolve the matter in controversy.'")(quoting Wilton, 515 U.S. at 288)).[2]

Accordingly,

---

[2] I note that a decision in the state court will act as res judicata in this proceeding if this case is not dismissed by the parties after resolution of the state court case. Wilton, 515 U.S. at 283.

**IT IS HEREBY ORDERED that** Defendants' motion to dismiss [#24] is **DENIED**.

**IT IS FURTHER ORDERED that** Defendants' motion to stay [#24] is **GRANTED**. The Clerk of Court shall administratively close this matter. The parties shall notify the Court of the resolution of the Jefferson County action in a timely matter. Further Court action in this matter will be determined after such notice.

**IT IS FURTHER ORDERED that** Plaintiffs' motion to supplement their opposition to Defendants' motion to dismiss [#44] is **DENIED** as moot.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2012.